NOONAN, Circuit Judge,
concurring and dissenting:
I concur in the opinion of the majority except as to its affirmance of Ngo’s convictions of attempted murder.
In its brief on appeal and in its oral argument to us, the state did not rely on “the kill zone” approach adopted by People v. Bland, 28 Cal.4th 313, 329-30, 121 Cal. Rptr.2d 546, 48 P.3d 1107 (2002), perhaps because it is not clear that the front and back seats of the Tercel could be treated as a single area. The state accepted the burden of showing that Ngo knew that there were human beings in the back seat of the Tercel. The state’s major difficulty is that the opinion of the court of appeal describes the attack less as a battle of men than as a battle of cars.
Relying on the testimony of the accomplice Dinh, who was in a rear seat in the Toyota Supra, the court of appeal quoted from the record:
Why did you want to follow these people? [¶] [A:] Because we thought that they were from another gang.... [¶] [Q:] What was going to happen? [¶] [A:] I knew that we were going to shoot at them. [¶] [Q:] Why? [¶] [A:] Because they were just from another gang.” Asked whether he saw other people in the car, Dinh replied, “I can’t remember.”
The court of appeal then stated:
Although this testimony might be construed to refer only to two victims, the references to “they” and “them” were ambiguous, and Dinh’s failure to remember other persons might be construed as evasive. Inferably appellants had ample opportunity while observing the Tercel at the store and during the chase to observe there were additional occupants in the Tercel. There was no specific evidence they could not be seen. In light of all the circumstances including appellants’ purpose to look for gang members to shoot, the victims’ close presence together in the confines of a Tercel, and the number of shots fired, the jury could reasonably conclude appellants shared a specific intent to kill each of the attempted murder victims.
The court of appeals’ opinion draws positive proof from negatives. “There was no specific evidence they could not be seen,” that court says, going on to infer that they were seen. Dinh, the state’s only witness, spoke of the two who had gone to the store and returned, as “they.” The court of appeal finds the “they” ambiguous; Dinh could have meant to include the three he hadn’t mentioned. When Dinh testifies that he does not remember the number, the court of appeal says his testimony *1118 “might be construed as evasive.” So the state’s want of evidence is converted into evidence by discrediting the state’s only witness to the shooting. If deference to these “findings” of the court of appeal is required by AEDPA or Supreme Court precedent, federal review of petitions of habeas corpus is reduced to an empty formality.
That “they” and “their” may be construed as ambiguous does not constitute evidence beyond a reasonable doubt that any attacker knew there were people in the back seat. Dinh’s evasion is not convertible into positive evidence. The absence of evidence that the back-seat three could not be seen cannot be turned into evidence that they were seen. The purpose of Ngo’s gang, to shoot rivals, does not establish Ngo’s knowledge that there were three in the back seat to be shot.
In People v. Lee, 31 Cal.4th 613, 623-24, 3 Cal.Rptr.3d 402, 74 P.3d 176 (2003), the California Supreme Court spoke on the state of mind needed by an aider and abettor in an attempted murder case. The court noted that an aider and abettor must “know the full extent of the direct perpetrator’s criminal purpose and must give aid or encouragement with the intent or purpose of facilitating the direct perpetrator’s commission of the crime ... the person guilty of attempted murder as an aider and abettor must intend to kill.” Id. at 624, 3 Cal.Rptr.3d 402, 74 P.3d 176. Though an aider and abettor may have ascribed to him the actus reus of his principal, he must have his own wholly independent intent. To have that intent, Ngo would have had to know of the existence of the back-seat three. No evidence establishes that he did.
The conviction of the attempted murders of the three backseat passengers violates due process of law and should not stand.